```
       IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF OHIO
                 EASTERN DIVISION
```

**GEORGE L. DINGESS,**

        Petitioner,

  vs.                                        **Civil Action 2:13-cv-1240**
                                                        **Judge Frost**
                                                        **Magistrate Judge King**

**TIMOTHY BUCHANNON (WARDEN),**

        Respondent.

## REPORT AND RECOMMENDATION

    Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  This matter is before the Court on the *Petition,* Doc. No. 1, Respondent's *Motion to Dismiss,* Doc. No. 9*,* Petitioner's *Response,* Doc. No. 13, Respondent's *Reply*, Doc. No. 14, Petitioner's *Sur-Reply*, Doc. 16, and the parties' exhibits.[1]  For the reasons that follow, the undersigned concludes that this action is barred by the one year statute of limitations established by 28 U.S.C. § 2244(d)(2). It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss*, Doc. No. 9, be **GRANTED** and that this action be **DISMISSED**.

### I.    Facts and Procedural History

    Petitioner was convicted by a jury on two counts of possession of crack cocaine and one count of possession of marijuana in the Franklin County Court of Common Pleas.  *Exhibit 5* to *Motion to Dismiss*.  On

---

[1] Petitioner sought but was denied leave to respond to Respondent's *Reply*. Doc. Nos.15, 16.  Petitioner nevertheless filed a sur-reply, Doc. No. 17, which the Court has considered.

August 5, 2010, petitioner was sentenced to six years' imprisonment. *Exhibit 6* to *Motion to Dismiss*. Judgment was entered August 9, 2010. *Id*. The Ohio Court of Appeals for the Tenth District affirmed the trial court's judgment on November 3, 2011. *Exhibit 10* to *Motion to Dismiss.* Petitioner timely appealed to the Ohio Supreme Court. *Exhibit 11* to *Motion to Dismiss*. On March 7, 2012, the Ohio Supreme Court declined to exercise jurisdiction over that appeal. *Exhibit 13* to *Motion to Dismiss*.

On November 4, 2012, Petitioner filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. R. 26(B) ("Rule 26(B) motion"). *Exhibit 14* to *Motion to Dismiss*. On March 7, 2013, the state appellate court denied petitioner's Rule 26(B) motion as both untimely and deficient in other respects. *Exhibit 16* to *Motion to Dismiss*.

On August 19, 2013, Petitioner filed a petition for habeas corpus in the Ohio State Supreme Court, which was dismissed by that court on October 23, 2013. *Exhibit 20* to *Motion to Dismiss*.

Petitioner filed the *Petition* in this Court on December 16, 2013. *Petition*, Doc. No. 1.

**II.    Law and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. Section 2244 of Title 28 of the United States Code provides:

>  (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on June 5, 2012, *i.e.*, ninety days after the Ohio Supreme Court's March 7, 2012 dismissal of his appeal, when the time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 526 (2003). *See also Johnson v. Lindamood*, 480 Fed. App'x. 394, 397 (6th Cir. 2012). Petitioner had one year from that date, until June 5, 2013, in which to file a timely federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As noted *supra*, however, the *Petition* was not filed until December 16, 2013.

Petitioner's November 4, 2012 Rule 26(B) motion did not toll or otherwise affect the running of the statute of limitations in this

case, because it was untimely and not "properly filed" within the meaning of § 2244(d)(2).

Similarly, Petitioner's August 19, 2013 petition for a writ of habeas corpus filed in the Ohio Supreme Court offers no relief, since that petition was filed after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003).

Petitioner appears to argue that the statute of limitations should be equitably tolled. He alleges that he did not know that his Rule 26(B) motion had been denied until May 5, 2013, which explains why he waited until August 19, 2013 to file his state habeas petition in the Ohio Supreme Court.

In *Holland v. Florida,* 560 U.S. 631, 645 (2010), the United States Supreme Court held that the statute of limitations in a federal habeas corpus case may be equitably tolled only where a petitioner has diligently pursued his rights and yet some extraordinary circumstance prevented him from filing his petition in a timely fashion. *Id.* at 648-49 (*citing Pace v. DiGuglielmo,* 544 U.S. 408(2005)). The record fails to reflect such circumstances here. Even assuming that Petitioner learned of the dismissal of his untimely Rule 26(B) motion only in May 2013, he offers no persuasive explanation for the untimeliness of that motion in the first place.

Actual innocence may also justify the equitable tolling of the statute of limitations.

4

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence" means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidencethat was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Shouter v. Jones,* 395 F.3d 577, 589–90 (6th Cir. 2005) (footnote omitted). Here, although petitioner refers in passing to his actual innocence, *Sur-reply*, *PAGEID* 633, he points to no new evidence of actual innocence.

In short, the Court concludes that the *Petition* was untimely filed.

It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss*, Doc. No. 9, be **GRANTED.**

**III. Procedure on Objections**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 3, 2014                          *s/Norah McCann King*
 (Date)                               Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge