IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GEORGE L. DINGESS,**

      Petitioner,

  vs.                          Civil Action 2:13-cv-1240
                                  JUDGE GREGORY L. FROST
                                  Magistrate Judge King

**TIMOTHY BUCHANNON (WARDEN),**

      Respondent.

## OPINION AND ORDER

On December 16, 2013, Petitioner, a state prisoner, filed his *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his August 9, 2010 conviction on two counts of possession of crack cocaine and one count of possession of marijuana in the Franklin County Court of Common Pleas. *(ECF* No. 1.) Respondent filed a motion to dismiss the action as untimely. (ECF No. 9.) On July 3, 2014, the United States Magistrate Judge recommended that the motion to dismiss be granted. (ECF No. 18.)  This matter is now before the Court on Petitioner's objection to that recommendation. (ECF No. 20.) The Court will consider the matter *de novo.*  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

In her *Report and Recommendation*, the United States Magistrate Judge found that Petitioner's conviction became final on June 5, 2012, *i.e.,* ninety days after the Ohio Supreme Court's March 7, 2012 dismissal of his appeal, when the time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired. *See*

*Clay v. United States,* 537 U.S. 522, 526 (2003). *See also Johnson v. Lindamood*, 480 F. App'x 394, 397 (6th Cir. 2012). Petitioner had one year from that date, until June 5, 2013, in which to file a timely federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). As noted, however, the *Petition* was not filed until December 16, 2013.[1]

The Magistrate Judge also reasoned that Petitioner's November 4, 2012 application to reopen his direct appeal pursuant to Ohio App. R. 26(B) did not serve to toll the running of the statute of limitations because the state court of appeals dismissed the application as untimely. That application was therefore not "properly filed" within the meaning of § 2244(d)(2). Petitioner's August 19, 2013 petition for a writ of habeas corpus filed in the Ohio Supreme Court could not serve to extend the statute of limitations because that petition was filed after the statute of limitations had already expired. *See Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003)("The tolling provision does not ... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run.").

Finally, and noting that Petitioner had appeared to argue that the statute of limitations should be equitably tolled, *see Holland v. Florida*, 560 U.S. 631 (2010), and that Petitioner made passing reference to his innocence on the charges for which he was convicted, the Magistrate Judge rejected both contentions as a basis for excusing

---

[1] Petitioner apparently signed the *Petition* on December 7, 2013. (ECF No. 1, at Page ID # 13.)

2

the untimeliness of the action. Specifically, the Magistrate Judge rejected Petitioner's argument that the statute of limitations should be extended or equitably tolled because, Petitioner asserted, he did not learn that his Rule 26(B) motion had been denied until May 5, 2013. Any such delay affords Petitioner no relief, the Magistrate Judge reasoned, because Petitioner offered no persuasive explanation for the untimeliness of the Rule 26(B) application in the first place. The Magistrate Judge also rejected Petitioner's claim of actual innocence, see *Schlup v. Delo*, 513 U.S. 298 (1995), because Petitioner pointed to no new evidence of actual innocence.

In his objections, Petitioner complains that the Magistrate Judge should not have considered the doctrine of equitable tolling because Respondent did not raise that defense in the *Motion to Dismiss*. The Magistrate Judge considered (and rejected) equitable tolling only because it appeared that Petitioner had asserted that doctrine in his response to the *Motion to Dismiss*. The Magistrate Judge did not err in this regard. In any event, Petitioner does not point to any prejudice suffered by him by virtue of the Magistrate Judge's construction of his filing.

Petitioner also contends that the statute of limitations should be equitably tolled because he was "in federal prison on an unrelated consecutive sentence when the one year statute of limitation[s] began." (ECF No. 20, at Page ID# 649.) However, the Court rejects this assertion as a basis for equitable tolling in light of the fact that Petitioner was able to file and pursue a Rule 26(B) application during this period of time. Moreover, it appears that Petitioner was

3

returned to Ohio in January 2013, yet he offers no explanation why he did not file a timely petition prior to the expiration of the statute of limitations in June 2013.

Finally, Petitioner again contends that he is actually innocent of the charges of which he was convicted. However, Petitioner offers no new evidence in support of this claim of innocence but refers only to the merits of the legal arguments raised in the *Petition*. This, of course, is insufficient to support a claim of actual innocence. *See Schlup, 513 U.S.* at 324(a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial").

In short, the Court has carefully reviewed, *de novo*, the *Report and Recommendation*, (ECF No. 18) and Petitioner's *Objection* (ECF No. 20.) Petitioner's *Objection* is **DENIED**. The *Report and Recommendation* is **ADOPTED AND AFFIRMED**. Respondent's *Motion to Dismiss* is **GRANTED.** (ECF No.9.) This action is hereby **DISMISSED** as untimely.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

    **IT IS SO ORDERED.**

       /s/ Gregory L. Frost
      GREGORY L. FROST
      UNITED STATES DISTRICT JUDGE